# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2023 07:04 PM David W. Slayton, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

23STCV04404

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Elihu Berle

John G. Yslas (SBN 187324)
jyslas@wilshirelawfirm.com
Aram Boyadjian (SBN 334009)
aboyadjian@wilshirelawfirm.com
Andrew Sandoval (SBN 346996)
andrew.sandoval@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JUDY TURNER, individually, and on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons,<br><br>*Plaintiff*,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION, a Delaware corporation; NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No.: 23STCV04404<br><br>**CLASS & REPRESENTATIVE ACTION COMPLAINT**<br><br>1. Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203);<br>2. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226);<br>3. Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq*.); and<br>4. Civil Penalties Under PAGA (Cal. Lab. Code § 2699, *et seq*.)<br><br>**DEMAND FOR JURY TRIAL** |

CLASS & REPRESENTATIVE ACTION COMPLAINT

Plaintiff JUDY TURNER ("Plaintiff"), on information and belief, alleges as follows:

**INTRODUCTION & PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants NORTHROP GRUMMAN CORPORATION, NORTHROP GRUMMAN SYSTEMS CORPORATION, and DOES 1 through 10 (hereinafter collectively referred to as "Defendants"), including for California Labor Code violations and unfair business practices stemming from Defendants' failure to timely pay final wages, and failure to timely furnish accurate wage statements.

2. Plaintiff brings the First through Third Causes of Action individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendant(s) in California as an employee during the statute of limitations period applicable to the claims pleaded here.

3. Plaintiff brings the Fourth Cause of Action as a representative action under the California Private Attorneys General Act ("PAGA") to recover civil penalties that are owed to her, the State of California, and past and present employees employed by Defendants in the State of California during the statute of limitations period for their PAGA claim (hereinafter referred to as the "Aggrieved Employees").

4. Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

5. Despite these requirements, throughout the statutory period, Defendants maintained a systematic, company-wide pattern and practice of:

    (a) Willfully failing to pay employees all wages, including to both exempt (salaried), and to nonexempt (hourly) employees including for minimum, straight time, overtime, meal period premium, and rest period premium

wages due within the time period specified by California law when employment terminates (whether via resignation or involuntary termination); and,

(b) Failing to provide employees with timely accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders upon termination (whether via resignation or involuntary termination).

6. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful practices. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

7. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, practices, patterns, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff, the Class, and the Aggrieved Employees. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

## THE PARTIES

**A.** **Plaintiff**

8. Plaintiff JUDY TURNER is a resident of Los Angeles County, California who was employed by Defendants in Los Angeles County, California as an employee from approximately October 2002 to approximately December 2022.

9. Plaintiff reserves the right to seek leave to amend this complaint to add new Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B.** **Defendants**

10. Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants NORTHROP GRUMMAN CORPORATION, and NORTHROP GRUMMAN SYSTEMS CORPORATION, are, and at all times herein mentioned, were:

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

    (a)  Business entities conducting business in numerous counties throughout the State of California, including Los Angeles County; and,

    (b)  The former employers of Plaintiff, and the current and/or former employers of the putative Class because Defendants NORTHROP GRUMMAN CORPORATION, and NORTHROP GRUMMAN SYSTEMS CORPORATION, suffered and permitted Plaintiff, the Class, and the Aggrieved Employees to work, and/or controlled their wages, hours, or working conditions.

11. Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Each Doe Defendant was in some manner legally responsible for the damages suffered by Plaintiff, the Class, and the Aggrieved Employees as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

12. At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff, the Class, and the Aggrieved Employees in the State of California.

13. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over her wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant

to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants and/or all Defendants were joint employers.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Plaintiff was employed by Defendants NORTHROP GRUMMAN CORPORATION and NORTHROP GRUMAN SYSTEMS CORPORATION in Los Angeles County, California as an employee from approximately October 2002 to approximately December 2022.

15. Throughout Plaintiff's employment, Defendants committed numerous labor code violations under state law, including but not limited to terminating Plaintiff's employment but failing to timely pay her final wages to Plaintiff on the date of termination and failing to timely provide a final accurate itemized wage statement. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

17. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

18. The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as an employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent.[1]

19. At all material times, Plaintiff was a member of the Class.

20. Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

---

[1] In response to the COVID-19 pandemic, the Judicial Council of California adopted Emergency Rule 9(a) (California Rules of Court), whereby "statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020 to October 1, 2020."

4
CLASS & REPRESENTATIVE ACTION COMPLAINT

21.  There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) <u>Numerosity</u>:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than forty (40) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b) <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c) <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and,

4) The difficulties likely to be encountered in the management of a class action.

(e) <u>Public Policy Considerations</u>: The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

22. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a) Failed to provide Class Members with timely final wages;

(b) Failed to provide Class Members with accurate wage statements; and,

(c) Violated California Business & Professions Code §§ 17200 *et. seq*. as a result of their illegal conduct as described above.

23. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c) The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

    (d)    Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

    (e)    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

    (f)    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

        1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or,

        2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

    (g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

///
///
///
///
///
///

24. Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff contemplates the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

**(Against All Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

25. Plaintiff incorporates by reference and re-alleges as if fully stated all preceding paragraphs of this Complaint.

26. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

27. Within the applicable statute of limitations, the employment of many other members of the Class and Aggrieved Employees ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members and Aggrieved Employees, without abatement, all wages required to be paid by California Labor Code §§ 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

28. Defendants' failure to pay Plaintiff, those Class members and Aggrieved Employees who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

29. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

30. Plaintiff, the Class and Aggrieved Employees are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their rate of pay, up to thirty (30) days maximum pursuant to California Labor Code § 203.

31. Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, the Class and Aggrieved Employees are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SECOND CAUSE OF ACTION

**(Against All Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

32. Plaintiff incorporates by reference and re-alleges as if fully stated all preceding paragraphs of this Complaint.

33. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

34. Defendants have intentionally and willfully failed to timely provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure

to timely correctly identify the gross wages earned by Plaintiff, the Class, and the Aggrieved Employees, and the failure to timely list the true net wages earned.

35. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff, the Class, and the Aggrieved Employees have suffered injury and damage to their statutorily protected rights.

36. Specifically, Plaintiff and the members of the Class and the Aggrieved Employees have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in timely receiving, accurate, itemized wage statements under California Labor Code § 226(a).

37. Calculation of the true wage entitlement for Plaintiff, the Class, and the Aggrieved Employees is difficult and time consuming. As a result of this unlawful burden, Plaintiff, the Class, and the Aggrieved Employees were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

38. Plaintiff, the Class, and the Aggrieved Employees are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

39. Plaintiff, the Class, and the Aggrieved Employees are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

<b><u>THIRD CAUSE OF ACTION</u></b>

<b>(Against All Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)</b>

40. Plaintiff incorporates by reference and re-alleges as if fully stated all preceding paragraphs of this Complaint

41. Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

42. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

43. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

44. A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq*.

45. By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

46. Plaintiff, the Class, and the Aggrieved Employees suffered monetary injury as a direct result of Defendants' wrongful conduct.

47. Plaintiff, individually, and on behalf of members of the putative Class and Aggrieved Employees, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff, the Class, and the Aggrieved Employees have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff, the Class, and the Aggrieved Employees are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

48. Plaintiff, individually, and on behalf of members of the putative class and Aggrieved Employees, is further entitled to and does seek a declaration that the above-described business

1  practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

49. Plaintiff, individually, and on behalf of members of the putative class, and Aggrieved Employees, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members and Aggrieved Employees suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class and the Aggrieved Employees, have suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

50. Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

51. Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff, putative Class Members and Aggrieved Employees are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years and 178 days prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## FOURTH CAUSE OF ACTION

**(By Plaintiff Against All Defendants for Civil Penalties Under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698, et seq.)**

52. Plaintiff incorporates by reference and re-alleges as if fully stated all preceding paragraphs of this Complaint.

53. At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

///

54. California Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

55. Plaintiff gave written notice by online filing pursuant to California Labor Code § 2699.3 to the Labor and Workforce Development Agency and by certified mail to Defendant of the specific provisions of the Labor Code that Defendant has violated against Plaintiff and current and former aggrieved employees, including the facts and theories to support the violations. Plaintiff also paid the filing fee. Plaintiff's PAGA case number is LWDA-CM-935294-23 (JUDY TURNER v. NORTHROP GRUMMAN CORPORATION). The Labor and Workforce Development Agency has not indicated that it intends to investigate Defendant's Labor Code violations discussed in the notice. Plaintiff hereby commences a civil action to recover penalties under Labor Code § 2699 pursuant to § 2699.3 for the violations of the Labor Code described in this Complaint. These penalties include, but are not limited to, penalties under California Labor Code §§ 210, 226.3, 1174.5, 1197.1, and 2699.

56. Based on the conduct described in this Complaint, Plaintiff is entitled to an award of civil penalties on behalf of herself, the State of California, and similarly situated Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

57. In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to California Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

///

///

**PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1. That this action be certified as a class action with respect to the First, Second, and Third, Causes of Action;

2. That Plaintiff be appointed as the representative of the Class; and,

3. That counsel for Plaintiff be appointed as Class Counsel.

As to the First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

5. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

6. For pre-judgment interest on any unpaid wages from the date such amounts were due;

7. For reasonable attorneys' fees and for costs of suit incurred herein; and,

8. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

9. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to timely provide accurate itemized wage statements thereto;

10. For all actual damages, according to proof;

11. For statutory penalties pursuant to California Labor Code § 226(e);

12. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

13. For reasonable attorneys' fees and for costs of suit incurred herein; and,

14. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

15. That the Court declare, adjudge, and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* for the unlawful acts alleged herein;

16. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

17. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

18. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

19. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

20. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

21. That the Court declare, adjudge, and decree that Defendants violated the California Labor Code by failing to timely pay all final wages to terminated employees, and failing to timely furnish accurate wage statements.

22. For all actual, consequential and incidental losses and damages, according to proof;

23. For all civil penalties pursuant to California Labor Code §§ 2699, et seq., and all other applicable Labor Code provisions;

24. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 2699; and,

25. For such other and further relief as the Court may deem equitable and appropriate.

///
///
///
///
///

As to all Causes of Action

26. For any additional relief that the Court deems just and proper.

Respectfully submitted,

Dated: February 28, 2023						**WILSHIRE LAW FIRM**

By: _____
John G. Yslas
Aram Boyadjian
Andrew Sandoval

Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: February 28, 2023						**WILSHIRE LAW FIRM**

By: _____
John G. Yslas
Aram Boyadjian
Andrew Sandoval

Attorneys for Plaintiff