UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3756 PA (PDx) | Date | July 17, 2023 |
|---|---|---|---|
| Title | Judy Turner v. Northrop Grumman Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Order Remanding Action to State Court ("Motion to Remand"), filed by plaintiff Judy Turner ("Plaintiff"). (Docket No. 21.) Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation (collectively, "Defendants") filed an Opposition, and Plaintiff filed a Reply. (Docket Nos. 25, 30.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 17, 2023, is vacated, and the matter taken off calendar.

**I.   Background**

Plaintiff commenced this wage and hour class action in Los Angeles County Superior Court on February 28, 2023 and served Defendants on April 18, 2023. Plaintiff asserts four causes of action "on behalf of herself and certain current and former employees of Defendants": (1) failure to timely pay final wages at termination (Cal. Lab. Code §§ 201–203); (2) failure to provide accurate itemized wage statements (Cal. Lab. Code § 226); (3) violation of California Business and Professions Code §§ 17200, et seq.; and (4) civil penalties pursuant to the Private Attorneys General Act (Cal. Lab. Code §§ 2698, et seq.).[1/] (Docket No. 1-3 ¶¶ 2, 25–57.) The "proposed Class" is defined as: "All persons who worked for any Defendant in California as an employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Id. ¶ 18.) On May 17, 2023, Defendants filed a Notice of Removal, alleging that this Court possesses diversity jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"). (Docket No. 1.) The Court then ordered Defendants to show cause in writing why this action should not be

---

[1/]   Plaintiff alleges that she was "employed by [Defendants] in Los Angeles County, California . . . from approximately October 2002 to approximately December 2022." (Docket No. 1-3 ¶ 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3756 PA (PDx) | Date | July __, 2023 |
|---|---|---|---|
| Title | Judy Turner v. Northrop Grumman Corporation, et al. | | |

remanded for lack of subject matter jurisdiction, explaining that "Defendant's Notice of Removal appears to be deficient because it contains unsupported assumptions regarding the amount in controversy" ("Order to Show Cause").[2] (Docket No. 16.) Plaintiff subsequently filed her Motion to Remand, contending that the allegations in the Notice of Removal regarding the amount in controversy are insufficient to establish CAFA jurisdiction.

## II. Requests for Judicial Notice and Evidentiary Objections

Plaintiff requests that the Court take judicial notice of various court orders and pleadings from other cases. (Docket No. 22.) Defendants do not oppose Plaintiff's request. A court may take judicial notice of undisputed matters of public record. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001); Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). The Court grants Plaintiff's request.

In Defendants' Response to the Court's Order to Show Cause, Defendants request that the Court take judicial notice of a letter from Plaintiff to the California's Labor and Workforce Development Agency ("LWDA") and Defendants, entitled "Amended Notice of Labor Code Violations and PAGA Penalties," case number LWDA-CM-935294-23 ("PAGA Notice"). (Docket No. 24-2.) The PAGA Notice is referenced in the Complaint. (Docket No. 1-3 ¶ 55.) Plaintiff does not object to Defendants' request. Courts may take judicial notice of PAGA notices, as well as documents referenced in the complaint. See Negrete v. ConAgra Foods, Inc., No. CV160631FMOAJWX, 2018 WL 8193883, at *2 n.1 (C.D. Cal. Dec. 28, 2018) (taking judicial notice of the plaintiffs' PAGA notices); Hubbs v. Big Lots Stores, Inc., No. LACV1501601JAKASX, 2018 WL 5264141, at *2 n.1 (C.D. Cal. Mar. 16, 2018); ("Judicial notice may be taken of a letter sent to the LWDA to disclose alleged violations of PAGA."); see also Lee, 250 F.3d at 688–89 (9th Cir. 2001). Therefore, the Court grants Defendants' request.

Additionally, Plaintiff asserts evidentiary objections to certain statements in the Declarations of David Mullins, filed in support of Defendants' Notice of Removal and Response to the Court's Order to Show Cause. (Docket Nos. 21-2, 30-1.) Mr. Mullins' Declarations contain statements about the number of employees at NGSC, as well as the employees' hourly wages and pay periods. Mr. Mullins' statements are made based on his personal knowledge in

---

[2] Defendants filed a Response to the Court's Order to Show Cause, and Plaintiff filed a Reply. (Docket Nos. 24, 32.) In Defendants' Opposition to the Motion to Remand, Defendants reference evidence proffered in support of their Response to the Order to Show Cause. The Court considers that evidence in ruling on the Motion to Remand. See infra section II.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3756 PA (PDx) | Date | July __, 2023 |
|---|---|---|---|
| Title | Judy Turner v. Northrop Grumman Corporation, et al. | | |

his capacity as a Human Resources Manager at defendant Northrop Grumman Systems Corporation ("NGSC"), as well as his review of "business records and data that NGSC maintains in the regular course of its business." (Docket Nos. 1-13 ¶ 1, 24-1 ¶ 1.) Plaintiff contends that Mr. Mullins lacks personal knowledge and that his statements are hearsay because Defendants did not produce NGSC's business records. However, courts "routinely accept declarations from human resources personnel and similar administrative managers as credible evidence to support CAFA removal." Loaiza v. Kinkisharyo Int'l, LLC, No. LACV1907662JAKKSX, 2020 WL 5913282, at *8 (C.D. Cal. Oct. 6, 2020); see Alvarez v. Off. Depot, Inc., No. CV177220PSGAFMX, 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017) (collecting cases). Defendants are not required to provide actual business records as evidence of the amount in controversy. See Espinosa v. Genesis Healthcare, Inc., No. 220CV00688JFWJEMX, 2020 WL 10641865, at *2 (C.D. Cal. Mar. 31, 2020) ("Defendants are not required to submit actual business records to establish CAFA jurisdiction."). Accordingly, the Court overrules Plaintiff's objections to the statements in Mr. Mullins' Declarations to the extent the Court relies on those statements in ruling on Plaintiff's Motion to Remand.[3/]

### III. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). The antiremoval presumption that applies to some Notices of Removals does not apply to CAFA removals. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under

---

[3/] Defendants also filed an "Application for Leave to File Supplement to Response to Court's Order to Show Cause Regarding Defendants' Notice of Removal and Supplement to Defendants' Opposition to Plaintiff's Motion for Remand" ("Application"). (Docket No. 28.) However, the Court does not rely on the evidence proffered in Defendants' proposed supplemental documents in ruling on Plaintiff's Motion to Remand and therefore denies Defendants' Application as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3756 PA (PDx) | Date | July __, 2023 |
|---|---|---|---|
| Title | Judy Turner v. Northrop Grumman Corporation, et al. | | |

CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5 million exclusive of interests and costs. Id. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC, 574 U.S. at 82)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788–89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

**IV.    Analysis**

In the Notice of Removal, Defendants allege that the amount in controversy exceeds $5 million solely based on their estimate that the amount in controversy for Plaintiff's first cause of action (failure to pay final wages at termination) is $7,867,800, without attorneys' fees, and $9,834,750, with attorneys' fees. (Docket No. 1 ¶¶ 30, 36.) In Defendants' Response to the Order to Show Cause and Opposition to the Motion to Remand, Defendants estimate that the amount in controversy is $97,088,700 for Plaintiff's second cause of action (failure to provide accurate itemized wage statements in violation of Cal. Lab. Code § 226).

California Labor Code section 226(e)(1) provides as follows:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [section 226(a)] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3756 PA (PDx) | Date | July __, 2023 |
|---|---|---|---|
| Title | Judy Turner v. Northrop Grumman Corporation, et al. | | |

        thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226(e).

        The Complaint alleges that "Plaintiff, the Class, and the Aggrieved Employees are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee." (Docket No. 1-3 ¶ 38.) Additionally, Plaintiff's PAGA Notice – which Defendants provided to the Court for the first time with their Response to the Order to Show Cause – states that Defendants engaged in California Labor Code violations "with respect to Plaintiff and <u>all</u> of Defendants' Aggrieved Employees," defining "Aggrieved Employees" as "<u>all</u> [] persons who worked for Defendants in California as an employee at any time within the applicable statutory period." (Docket No. 24-2, Ex. A (emphasis added).) The PAGA Notice further states that "Defendants failed to, and continue to fail to, timely furnish Plaintiff and <u>the Aggrieved Employees</u> with accurate, itemized wage statements . . . ." (<u>Id.</u> (emphasis added).)

        According to the Declaration of David Mullins, a Human Resources Manager at NGSC, "there were approximately 38,074 employees in California employed by NGSC" between February 28, 2022 and February 28, 2023 (the year before Plaintiff filed her Complaint).[4/] (Docket No. 24-1 ¶ 3.) Additionally, those employees worked a total of at least 26 pay periods during that time frame, "amounting to over 989,924 pay periods collectively." (<u>Id.</u>) Using this information, Defendants calculate the wage statement penalty for the first of the 26 pay periods for each of the 38,074 employees ($50 x 38,074 = $1,903,700), and for the subsequent 25 pay periods for each of the 38,074 employees ((25 x 38,074) x $100 = $95,185,000). (Docket No. 15 at pp. 13-14.) Thus, Defendants calculate the amount in controversy for Plaintiff's second cause of action at $97,088,700, far above the $5 million jurisdictional threshold.

        Plaintiff contends that Defendants unreasonably assume a 100% violation rate in their calculation of the amount in controversy for the wage statement claim. However, in <u>Townsend</u>, a CAFA removal case, the Ninth Circuit recently held that the "plaintiff's claim that each [employee] is entitled to 'up to $4,000' for the [defendant employer's] alleged failure to provide statutorily compliant wage statements is alone sufficient to meet the amount-in-controversy

---

[4/]     The statute of limitations for inaccurate wage statement claims under California Labor Code section 226 is one year. <u>See</u> <u>Falk v. Children's Hosp. Los Angeles</u>, 237 Cal. App. 4th 1454, 1469 (2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3756 PA (PDx) | Date | July __, 2023 |
|---|---|---|---|
| Title | Judy Turner v. Northrop Grumman Corporation, et al. | | |

threshold, given that the number of [employees] in the putative class exceeds 2,100." Townsend v. J.B. Hunt Transp. Servs. Inc., No. 23-55044, 2023 WL 2301438, at *1 (9th Cir. Mar. 1, 2023). The Circuit explained that "[t]he amount in controversy 'encompasses all relief a court may grant . . . if the plaintiff is victorious,' and represents 'the *maximum* recovery the plaintiff could reasonably recover.'" Id. (first quoting Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414–15 (9th Cir. 2018); then quoting Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019)) (emphasis in original).

Here, similar to Townsend, the Complaint alleges that Plaintiff and "the Class" are entitled to an "aggregate penalty not exceeding four thousand dollars ($4,000) per employee." (Docket No. 1-3 ¶38.) The PAGA Notice also suggests that all of the putative class members employed by Defendants between February 28, 2022, and February 28, 2023, are entitled to the maximum wage statement penalties. Moreover, Defendants calculate the amount in controversy using a penalty less than the $4,000 maximum ($2,550 per employee). The Court concludes that Defendants have demonstrated that the amount in controversy, for just Plaintiff's second cause of action, exceeds CAFA's jurisdictional requirement.

### Conclusion

For all of the foregoing reasons, the Court finds that Defendants have satisfied their burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $5 million, as required for subject matter jurisdiction under CAFA. The Court therefore denies Plaintiff's Motion to Remand.[5]

IT IS SO ORDERED.

---

[5] Given the Court's denial of Plaintiff's Motion to Remand, the Court discharges its June 12, 2023 Order to Show Cause.